Judge Buckner
delivered the opinion of the Court.
This was a suit in chancery, instituted by Robert Me 4fee and wife, and William B. Moore, an infant, by Lawson Moore, his guardian, against Hannah Chapline, widow of 4’nraham Chapline, deceased, Isaac Chapline. and Jacob Chapline, administrators of the estate of said Abraham, and against the wife of said Jacob.
George Moore died in the state of Virginia, iñ 1809, leaving Hannah Moore, his widow, by whom he had four children, to-wit: Elizabeth, who intermarried with Jacob Chapline; Judith Ellen, who intermarried wilh said Robert McAfee; Allen Lawson Moore, who died, at the age of ten or eleven years, and William B. Moore, one of the complainants. Said George Moore died intestate, possessed of, and and owning, a slave named Fanny. A man by the name of Smith administered on his estate, an execution having issijpd against said estate, in the hands of Smith, the administrator, was placed in the hands of a constable, who levied if on the slave, Fannv, and sold her in virtue of said execution» *514 Hannah, the widow of said George, purchased her for the benefit of her said children, with money, which belonged to the estate of her deceased husband.
In 1813 she removed to the state of Kentucky, with her four children, and in 1819 intermarried with Abraham Chapline, who took her children to his house, and kept them as a part of his family.
Upon his marriage with said Hannah, he took pos■session of the slave, Fanny, as property belonging to her, and kept possession of her until his death. During that time, the slave had three children born.Isaac and Jacob Chapline, his sons, administered on his estate, and as'such, they and said Hannah, took possession of Fanny and her three children; and they ,were included in an inventory, returned to. the county court, as á part of the estate of said Abraham. Having refused to surrender them, for distribution, amongst the children, or heirs of said George Moore, .deceased, this suit was instituted to effect that object.
The court, upon a hearing of the cause, decreed a distribution of said slaves, to be equally made betweeii the complainants, and the defendants, Jacob and wife, as heirs at law of said George, subject, however, to a deduction of one third’part, as the dower interest of said Hannah, to be retained by said administrators,' as a part of the estate of said Abraham.
From this decree Isaac and Jacob Chapline have appealed, and assign for error,
“That the circuit court erred in granting relief; ■that the fproper parties were not before the court; and that the representatives of Allen Lawson Moore, and George Moore, deceased, should have been made parties; that said Hannah Chapline’s answer was not filed, and the bill against her not taken as confessed.”
No such errors are perceived in the decree, as •those of which the appellants have complained.
The subpoena was regularly served, on all of the defendants named in the bill.
It appears from the record that Hannah Chapline filed her answer with the clerk, and it was read on the trial without objection. It acknowledges the *515 light of her children, to the slaves in contest. But independent of that acknowledgment,(which is not evidence, except against her,) the same facts exhibited in her answer, which, if true, leave no doubt the correctness of the decree oLthe circuit court, afe fully supported, by the proof in the cause.
A trust re-[avor whoseftmds have been ap-^ohase^f property, although the purchase be made in the name °r an°does’ a^tnist” resMUnfavor of a person, if íhe ProPerty wlthhismo-aey, and <-x-pressly for hie benefit.
Green and Harlan, for appellants; Crittenden for appellee.;
She purchased Fanny for the benefit of her children, and the money paid for her, belonged to the estate of G. Moore, her former husband, according to the depositions, in the cause, or as stated in her answer, was borrowed bv her, to make the purchase' for their benefit; was appropriated in that way, and repaid to the person, from whom she borrowed it, with the money of said estate. If she was entitled to ,dower interest in the slave, it might have been forfeited, by the removal of her from the state of Virginia. But the heirs do not complain that by the decree, it was allowed to her. The administrators alone complain, insisting, that the slaves belong to the estate of Abraham Chapline, deceased.
That a trust results in favor of a person, whose funds have been applied to the purchase of property, although the purchase be made, in the name of another. See the case of Perry et. al. vs. Head, &c. adm’rs. I. Mar. 46, and the authorities there cited, This is a stronger case for the complainants than that, because the slave was not only purchased with their money, but expressly for their benefit.
It does not appear that any person, who ought to have been made a party, was not before the court, George Moore’s administrator died, it is said, in Virginia,many years before the institution of this state, insolvent, or nearly so, and no person administered on his estate, if any he had. It is not pretended that any property of the estate of G. Moore, deceased, 'was left in Virginia.
The decree of the circuit court must be affirmed, yvith costs.